IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00635-PAB-BNB

KREMMLING SANITATION DISTRICT, a quasi-governmental entity and political subdivision of the State of Colorado,

v.

EVEREST NATIONAL INSURANCE COMPANY; and
BASELINE ENGINEERING CORPORATION, a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Unopposed Motion to Stay the Court's April 22, 2009 Order Setting a Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting** [Doc. # 31, filed 5/11/2009] (the "Motion to Stay"). The parties seek an indefinite stay of their disclosure requirements and discovery until the district judge rules on the pending Motion to Dismiss [Doc. # 19][1] and Motion to Remand [Doc. # 10]. In support of the requested stay, the parties argue:

> The parties respectfully request that the Court stay the requirements of its April 22, 2009 order in their entirety pending this Court's resolution of the pending Motions to dismiss and for remand. If either motion is granted, the requirements of the April 22, 2009 order would be moot. In other words, if the Court grants ENIC's Motion to Dismiss, the subject lawsuit would no longer

---

[1] The Motion to Dismiss apparently was filed in the state court. Motion to Stay at p. 1 (stating that "ENIC filed a Motion to Dismiss in the Grand County District Court, as well as a Notice of Removal to the Colorado Federal District Court"). It does not appear that a copy of the Motion to Dismiss is contained in the files of this court, however. It is not attached to the Notice of Removal [Doc. # 1] or the Amended Notice of Removal [Doc. # 14].

> exist or, if the Court grants KSD's Motion for Remand, the Court would no longer have jurisdiction over this matter.

Motion to Stay at p. 2.

The Motion to Stay is DENIED.

The Federal Rules of Civil Procedure do not provide for the stay of proceedings while motions to dismiss or remand are pending. Instead, Rule 1 instructs that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action," and Rule 26(c) permits a court to make any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including a stay of discovery. In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that a stay in this case is not warranted.

The average time from the filing of a dispositive motion to its determination in this district in 2007 was 6.7 months. Consequently, essentially staying the case while the motions to dismiss and remand are pending could substantially delay the ultimate resolution of the matter, with injurious consequences. In this regard, it has been argued:

> Delay is an element indigenous to many systems, and one that can have significant implications unless recognized and accounted for.
>
> \* \* \*
>
> In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system.

Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006).

In addition, motions to dismiss are denied more often than they result in the termination of a case. Consequently, without attempting to anticipate the district judge's ruling on the motion to dismiss, it is more likely than not from a statistical standpoint that a delay pending a ruling on the motion to dismiss would prove unnecessary. Any disclosures or discovery conducted here may be used in the state court action if the motion to remand is granted, and there is no reason to delay actions which ultimately must occur even if the case is remanded.

Parties to litigation always are burdened, whether the case is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the parties in this case.

It generally is the policy in this district not to stay discovery pending a ruling on motions to dismiss. See Ruampant v. Moynihan, 2006 U.S. Dist. LEXIS 57304 \*\*4-5 (D. Colo. Aug. 14, 2006).

Notwithstanding the agreement of the parties that they would prefer a stay, the more general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay be denied.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated May 12, 2009.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge