IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  09-cv-00635-PAB-BNB

KREMMLING SANITATION DISTRICT,

    Plaintiff,

v.

EVEREST NATIONAL INSURANCE COMPANY and
BASELINE ENGINEERING CORPORATION,

    Defendants.

## ORDER REMANDING CASE TO STATE COURT

    This matter is before the Court on plaintiff Kremmling Sanitation District's ("Kremmling") motion for remand [Docket No. 10].  On March 2, 2009, Kremmling filed a complaint seeking declaratory relief in the state district court for Grand County, Colorado [Docket No. 1-2].  Kremmling alleges that it hired defendant Baseline Engineering Corporation ("Baseline") to perform engineering services and that defendant Everest National Insurance Company ("Everest") provided professional liability insurance to Baseline covering those services.  In this action Kremmling seeks a declaration that certain of its insurance claims against Baseline fall within the that coverage.

    On March 23, 2009, Everest removed the case to this Court under the provisions of 28 U.S.C. § 1446 [Docket No. 1].  According to Everest, removal was appropriate under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. 1332 (diversity).  Kremmling contends that removal was improper because complete

diversity did not in fact exist.  Consequently, Kremmling now asks that the case be remanded to state court.

Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006).  Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).  Section 1332(a) requires "complete diversity," meaning that no plaintiff can be the citizen of a state of which a defendant is also a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  If complete diversity is lacking, and no other basis for jurisdiction exists, the court lacks the power to hear the case.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873-74 (10th Cir 1995).  Where the case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447 mandates that the case be remanded to the state court.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

In the present case, the parties agree that while Everest is diverse to all parties, both Kremmling and Baseline are citizens of Colorado.  Everest attempts to avoid this jurisdictional defect by arguing that Baseline has been improperly aligned.  According to Everest, the Court should realign Baseline as a plaintiff, thereby establishing complete diversity in the case.  I disagree.

Everest asserts correctly that the Court has the "power to disregard the position which the parties occupy on the face of the pleadings, ascertain the real controversy,

2

and then arrange them on one side or the other as their real interests lie." *Oklahoma ex rel. Williams v. Okla. Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936). However, upon ascertaining the real controversy in this case, I find that Everest's desired realignment is not warranted.

There is no indication that any real controversy exists between Everest and its insured, Baseline. Baseline has not filed a crossclaim seeking to establish a duty to defend or indemnify by Everest. Nor have the parties indicated that such an action exists elsewhere. In fact, Baseline concurred with Everest's motion to dismiss in this case, which argues that Kremmling failed to state a claim upon which relief can be granted because Colorado law does not permit an allegedly injured party to bring an action directly against an insurer [Docket Nos. 16, 17]. Therefore, for purposes of the present declaratory judgment action, Everest and Baseline take the same position regarding Kremmling's sought relief, have aligned interests, and, as a result, both should be positioned in opposition to Kremmling.

Although the Tenth Circuit does not appear to have dealt previously with circumstances identical to the present case, it has addressed the realignment question in a declaratory judgment action involving an insurer and its insured. In *Collier v. Harvey*, the Tenth Circuit noted that disagreements between an insurer and an insured regarding the extent of coverage creates a substantial controversy requiring the parties to be considered opponents for the purposes of diversity jurisdiction. 179 F.2d 664, 667 (10th Cir. 1950). The court in *Collier* distinguished cases in other jurisdictions where "the insurance company admitted its obligation to defend the state court action and there was no real controversy between the insurance company and the insured."

*Id.* (citing *Am. Fid. Cas. Co. v. Serv. Oil Co.*, 164 F.2d 478 (4th Cir. 1947); *Indem. Ins. Co. of N. Am. v. Schriefer*, 142 F.2d 851 (4th Cir. 1944); *State Farm Mut. Auto. Ins. Co. v. Hugee*, 115 F.2d 298 (4th Cir. 1940). By extension of that reasoning, no realignment is necessary where, as appears to be the situation here, no controversy exists between the insurer and insured because neither argues that the insurer has an obligation to defend the insured in the state court action.[1]

These facts, taken in conjunction with the presumption against removal, militate in favor of remand. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir 1995); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed and all doubts are to be resolved against removal." (internal citation omitted)). Because Baseline is not to be realigned, complete diversity is wanting in this case and this Court lacks jurisdiction to hear the case. As a result, 28 U.S.C. § 1447(c) directs the Court to remand the case to state court.[2]

---

[1] Although no controversy exists between Baseline and Everest, Baseline may not be disregarded for purposes of diversity and subject matter jurisdiction. Because it still has a substantial interest in the controversy, i.e. its rights under the insurance policy, Baseline's citizenship remains relevant to the diversity determination. *See Oklahoma ex rel. Williams v. Okla. Natural Gas Corp.*, 83 F.2d 986, 988 (10th Cir. 1936) (stating that "a mere nominal party without any substantial interest in the controversy" does not impact a diversity analysis); *see also* Black's Law Dictionary 1154 (8th ed. 2004) (defining "nominal party" as "[a] party to an action who has no control over it and no financial interest in its outcome; [especially], a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.")

[2] Because this determination resolves the remand question, I need not address Kremmling's other arguments for, and Everest's rebuttals against, remand.

4

Therefore, it is

**ORDERED** that plaintiff Kremmling Sanitation District's motion for remand [Docket No. 10] is GRANTED. The case is REMANDED to the District Court, County of Grand, Colorado, where it was originally filed as Case No. 2009-cv-76, Division 1.

DATED May 29, 2009.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge